```
 1  MARILYN B. GUNNER, ESQ. SB# 149540
    P.O. Box 605
 2  La Mesa, Ca.  91944-0605
    Telephone:  (619) 461-8716
 3  Fax:        (619) 461-6795

 4  Attorney for Material Witnesses

 5            UNITED STATES DISTRICT COURT

 6          SOUTHERN DISTRICT OF CALIFORNIA

 7  UNITED STATES OF AMERICA,      )  Case No. 08cr0611 JM
                                   )  Mag No.  08mj8148 PCL
 8              Plaintiff,         )
                                   )  ORDER FOR VIDEOTAPE DEPOSITION
 9      v.                         )  AND RELEASE OF MATERIAL
    SERGIO ANGEL DIAZ (1),         )  WITNESSES
10  JASMINE MARIE AYALA (2),       )
                                   )
11                                 )  Judge:        Lewis
                Defendants.        )  Hearing Date: April 1, 2008
12  _____)  Time:         1:30 p.m.

13                     ORDER

14      1.  The Material Witnesses in the case of UNITED STATES v.

15  SERGIO ANGEL DIAZ and JASMINE MARIE AYALA shall be deposed on _____

16  April 22, 2008    at   10:00    a.m.  The deposition will be held

17  at the U.S. Attorney's Office.  An employee of the U.S. Attorney's

18  Office shall serve as videotape operator.  The witnesses to be

19  deposed pursuant to this Order are Material Witnesses ADOLFO VARGAS-

20  GUTIERREZ, ("MR. VARGAS"), JESUS ANTONIO VILLANUEVA-GUTIERREZ("MR.

21  VILLANUEVAO"),  and  JOSE  LUIS  ESTRADA-VASQUEZ  ("MR.  ESTRADA"),

22  collectively the "Material Witnesses".

23      2.  All parties shall attend the deposition.  If the Defendants

24  are in custody, they shall be brought separately to the deposition

25  and a marshal shall remain present during the entire proceeding.

26      3.   The United States Attorney's Office shall provide a

27  videotape operator and arrange for a court-certified interpreter to

28  be present for the Material Witnesses.
```

4.   The cost of the interpreter for the Material Witnesses will be borne by the United States.   See 28 U.S.C. § 1827(c)(2).

5.   If the defendant needs an interpreter independent of the Material Witness interpreter, defense counsel will arrange for a court-certified interpreter to be present.   The cost of a separate interpreter for the defendant shall be paid by the court.

6.   The U.S. Attorney's Office shall arrange for a certified court reporter to be present.   The court reporter shall stenographically record the testimony and serve as a notary and preside at the deposition in accordance with Rule 28(a), Fed. R. Civ. Proc.   The cost of the court reporter shall be borne by the U.S. Attorney's Office.

7.   The deposition shall be videotape recorded.   Prior to the conclusion of the deposition, the deponent, or a party, may elect to have the deponent review the videotaped record of his/her deposition to note any changes.   Any errors or changes, and the reasons for making them, shall be stated in writing and such writing shall be signed by the deponent.

8.   The videotape operator shall select and supply all equipment required to videotape the deposition and shall determine all matters of staging and technique, such as number and placement of cameras and microphones, lighting, camera angle, and background.   He/she shall determine these matters in a manner that accurately reproduces the appearance of the witness and assures clear reproduction of both the witness' testimony and the statements of counsel.

9.   The deposition shall be recorded in a fair, impartial, objective manner.   The videotape equipment shall be focused on the witness; however, the videotape operator may from time to time focus

upon charts, photographs, exhibits or like material being shown to the witness during the deposition.

10.   Before examination of the witness, the notary shall state on the video record:  (a) his/her name and address; (b) the date, time and place of the deposition; (c) the name of the witness and the caption of the action; and (d) the identity of the parties and the names of all persons present in the deposition room.  The notary shall then swear the witness on the video record.  Further, at the beginning of the examination by each counsel, the counsel shall identify himself/herself and his/her respective client on the record. If more than one videotape is used, the notary shall repeat items (a), (b) and (c) at the beginning of each new tape.

11.   The videotape operator shall not stop the video recorder after the deposition commences until it concludes, except, however, that any party may request a cessation for a brief recess, which request will be honored unless another party objects and states the basis for said objection on the record.   Each time the tape is stopped or started, the operator shall announce the time on the record.   If the deposition requires the use of more than one tape, the end of each tape and the beginning of the next shall be announced orally on the video record by the operator.

12.   Testimonial evidence objected to shall be recorded as if the objection had been overruled and the court shall rule on the objections prior to admitting that portion of the deposition.   The party raising the objection(s) shall be responsible for having a transcript prepared for the court to consider.   All objections to the evidence presented shall be deemed waived unless made during the deposition.

1    13.    If requested by a party, the deposition testimony, if
2  offered  other  than  for  impeachment,  may  be  presented  in
3  nonstenographic video format, in which case no transcript need be
4  prepared in advance of trial, unless otherwise ordered by the Court.
5  See Fed.R.Civ.P. 32(c).

6    14.   Copies of all exhibits utilized during the videotaped
7  deposition shall be marked for identification during the deposition
8  and filed along with the videotape.

9    15.   At the conclusion of the deposition, the Government and
10 defense attorneys will advise the material witness attorney if they
11 intend to object to the release of the MATERIAL WITNESSES. If the
12 parties do not object to the witnesses' release, the Government and
13 defense attorney will immediately approve an order for the witnesses'
14 release from custody.   At the conclusion of the deposition, the
15 Government will provide the witness with a subpoena for the trial
16 date, a travel fund advance letter, and written authorization to
17 enter the United States to testify at trial.

18    16.   If any party objects to the release of the MATERIAL
19 WITNESSES, the objecting party must request a hearing on the issue
20 before the District Court, said request to occur within four business
21 hours after the deposition has concluded.  Failure of the objecting
22 party to request this hearing shall be deemed a waiver of the
23 objection to the release of the MATERIAL WITNESSES, and a Release
24 Order shall be submitted for approval at the end of the four hour
25 period.  If a hearing is requested, at the hearing, the objecting
26 party must be prepared to show why release of the material witness
27 is not appropriate under 18 U.S.C. § 3144.  If, after the hearing,
28 the Court decides to release the material witness, the material

witness attorney shall file the witness release order immediately. Again, the Government must serve the material witness with a trial subpoena, a travel fund advance letter and written authorization to legally enter the United States to testify at trial, before the material witness is released from custody.

17.   Upon request by either party, the videotape operator shall provide a copy of the videotaped deposition to the requesting party at the requesting party's expense.  After preparing the requested copies, if any, the videotape operator shall turn the original videotape over to the notary along with a certificate signed by the videotape operator attesting that the videotape is an accurate and complete record of the recorded deposition.

18.   The notary shall file the original videotape, along with any exhibits offered during the deposition, with the Court in a sealed envelope marked with the caption of the case, the name of the witnesses and the date of the deposition.   To that envelope, the notary shall attach the sworn statement that the videotape is an accurate and complete record of the recorded deposition and a certification that the witnesses were duly sworn by the officer.

19.   To the extent that the procedures set forth herein for videotaping vary from those set forth in Rules 28 and 30 F.R.Civ.P., these variations are found to be good cause shown as allowed by F.R. Civ. P. 29.

///

///

///

///

1    20.   Unless waived by the parties, the notary must give prompt

2 notice to all parties of the filing of the video record of the

3 deposition with the Court pursuant to Fed.R.Civ.P. 30(f)(3).

4

5

6 IT IS SO ORDERED:

7

8

9  April 14, 2008
   DATE                    HON. PETER C. LEWIS,
10                          UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28